IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-79,809-01




EX PARTE KENNETH MCSWAIN, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1168346
                     IN THE 174TH DISTRICT COURT FROM HARRIS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to twenty-five years’ imprisonment. He did not appeal his
conviction.
            Applicant contends that his due process rights were violated because a forensic scientist did
not follow accepted standards when analyzing evidence in his case. This application was forwarded
to this Court prior to the Court’s rehearing in Ex parte Coty, WR-79,318-02 (Tex. Crim. App. Jan.
15, 2014)(published). We remand this application so that the parties can apply the principles of that
opinion to the facts of Applicant’s case.
            Applicant has alleged facts that, if true, might entitle him to relief. Id. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            The trial court may order depositions, interrogatories, or a hearing. It appears that Applicant
is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant
is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. Code Crim. Proc. art. 26.04.
            The trial court shall determine whether Applicant has established an inference of falsity as
enumerated in this Court’s opinion in Coty, and if so, to what extent it was material. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
Filed: February 12, 2014
Do not publish